IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD E. JOHNSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2205 |
| | § | |
| METROPOLITAN TRANSIT | § | |
| AUTHORITY OF HARRIS COUNTY, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 8] filed by Defendants Metropolitan Transit Authority of Harris County, Texas ("METRO"), Lavera Houston, and Trena Kelly. Plaintiff Ronald E. Johnson, *pro se*, filed a Response [Doc. # 10], and Defendants filed a Reply [Doc. # 11]. Having reviewed the record and applied governing legal authorities, the Court grants the Motion to Dismiss. Plaintiff's HIPAA[1] claim is **dismissed with prejudice**, and his claims regarding an alleged violation of METRO work rules and, to the extent asserted, a violation of the Urban Mass Transportation Act ("UMTA") are **dismissed without prejudice** to being refiled in state court.

---

[1] Health Insurance Portability and Accountability Act.

## I.     BACKGROUND

Plaintiff alleged in his Original Complaint that Defendants violated unspecified METRO work rules and violated the health privacy provisions of HIPAA in June 2008 in connection with an on-the-job injury.  *See* Original Complaint [Doc. # 1].  Plaintiff also filed an Addendum signed July 2, 2010 [Doc. # 3], and an Addendum signed July 6, 2010 [Doc. # 7].  The content of the two documents is identical.  In each Addendum, Plaintiff alleges that the individual defendants, Levera Houston and Trena Kelly, knowingly violated METRO work rules.  In each Addendum, Plaintiff asserts specifically that Kelly improperly based her decision on an unidentified claim on statements Plaintiff made while "on narcotic in ICU."

Defendants moved to dismiss, asserting that there is no private right of action for an alleged violation of HIPAA and that an alleged violation of a METRO work rule is not a federal claim.  In his Response, Plaintiff mentions § 13(c) of the UMTA, which requires state or local governmental entities to preserve transit workers' existing collective bargaining rights before receiving federal funding to assist in the acquisition of a privately-owned transit company.  *See* 49 U.S.C. § 1609(c).  It is unclear whether Plaintiff is attempting to assert a claim under § 13(c) or is merely offering the section as a basis for federal jurisdiction over his claim regarding a violation of METRO work rules.

## II.  ANALYSIS

### A.  HIPAA Claim

Plaintiff alleges that Defendants violated the health privacy requirements of HIPAA when Lavera Houston entered his hospital room without authorization and, thereafter, details of his medical condition were known at his place of employment. The United States Court of Appeals for the Fifth Circuit has held unequivocally that "there is no private cause of action under HIPAA." *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). As a result, the Court **grants** Defendants' Motion to Dismiss the HIPAA claim.

### B.  Work Rule and § 13(c) Claims

Plaintiff alleges that Defendants violated unspecified METRO work rules and, in his Response, refers to § 13(c) of the UMTA. An alleged violation of a METRO work rule does not state a federal claim. The United States Supreme Court has held that § 13(c) does not create a federal cause of action and, instead, is "to be governed by state law ***applied in state courts***." *Jackson Transit Auth. v. Local Div. 1285, Amalgamated Transit Union,* 457 U.S. 15, 29 (1982) (emphasis added). As a result, neither claim involves a federal cause of action.

The federal HIPAA claim has been dismissed at a very early stage of the proceedings. Indeed, the Court has not yet conducted an initial pretrial and scheduling

conference. As a result, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state law claims regarding the METRO work rules and § 13(c) of the UMTA. *See Moore v. Willis Independent School Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

### III.   CONCLUSION AND ORDER

There is no private right of action under HIPAA, and Defendants are entitled to dismissal of that claim. Section § 13(c) of the UMTA does not create a federal cause of action and an alleged violation of METRO work rules does not state a federal claim. Having dismissed the federal HIPAA claim, the Court declines to exercise jurisdiction over the state claims. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 8] is **GRANTED**. Plaintiff's HIPAA claim is **dismissed with prejudice** and his UMTA and METRO work rule claims are **dismissed without prejudice** to being refiled in state court. The Court will issue a separate final order.

SIGNED at Houston, Texas, this **3rd** day of **September, 2010**.

Nancy F. Atlas
United States District Judge